UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA BHATT
and MEERA SIDHU,

        Plaintiffs,

v.

TWO UNKNOWN NAMED AGENTS
OF THE U.S. CUSTOMS AND
BORDER PROTECTION,

        Defendants.
_____/

Civil No. 2:12cv11105

HON. GEORGE CARAM STEEH
MAG. JUDGE DAVID R. GRAND

**STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE
OF RECORDS SUBJECT TO THE PRIVACY ACT**

The plaintiffs served United States Customs and Border Protection ("USCBP") with a subpoena that was issued on April 23, 2012 ("the subpoena"). The subpoena seeks production of certain documents and videotapes (hereinafter collectively referred to as "records") that are in the possession, custody, and control of USCBP and that are deemed private and confidential under the Privacy Act, 5 U.S.C. § 552a. The subpoenaed records are subject to the restrictions of the Privacy Act because they include the names, identifying information, and actions of individuals who are not currently parties to this case. Production of these records, in the absence of an order authorizing their production, is prohibited by the Privacy Act. The plaintiffs and USCBP, through their undersigned

attorneys, have stipulated to entry of a protective order providing as follows:

    1.    **Protected Information.**

USCBP may designate as "protected information" the records produced in response to the

subpoena served on it by plaintiffs.  All records that USCBP designates as protected information shall be stamped "protected information" on each page and/or shall be appended with a cover sheet stamped "protected information."  All such records designated as "protected information" shall be subject to the provisions below.

    **2.**    **Privacy Act.**

Although the Privacy Act, 5 U.S.C. § 552a, applies to certain records or portions of records that are responsive to plaintiffs' subpoena, USCBP is nevertheless authorized to produce the requested records in response to the subpoena.  The parties agree that at least some of the information contained in the requested records is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the plaintiffs' need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as appropriate protective measures are taken.  This stipulated order does not apply to those records or portions of records that include privileged information, if any, or that are otherwise objectionable.  Upon entry of this stipulated protective order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), such production will not be contrary to the Privacy Act even though the records contain the names and other identifying information and/or actions regarding persons who are not currently parties to this case.

    **3.**    **Non-Disclosure of Protected Information.**

Except with the prior written consent of USCBP, or as otherwise provided under this order or by prior approval of this Court, no protected information provided to plaintiffs in response to the subpoena may be disclosed to any individual or entity, in any form whatsoever, except to those

persons, and for those purposes, delineated in paragraphs 4 and 5 below. Under no circumstances may protected information be used by plaintiffs or their attorney for any purpose other than for those purposes necessary to this litigation.

**4.** **Permissible Disclosures.**

Notwithstanding paragraph 3, protected information may be disclosed to:

A. An individual party;

B. Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

C. The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

D. Retained consultants or experts (testimonial and non-testimonial) and employees of said persons directly involved in the prosecution or defense of this litigation;

E. Persons giving testimony, including testimony during depositions, in this litigation;

F. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

G. Persons designated y the Court in the interest of justice, upon such terms as the Court may deem proper after hearing of the parties.

**5.** **Use of Protected Information in Litigation.**

The provisions of this stipulated order shall not apply to restrict the use of protected information in connection with any deposition, proceeding, hearing, trial, or appeal in this action provided any person receiving the protected information is subject to the provisions of this order.

**6.** **Custody and Safekeeping of Protected Inormation.**

Counsel for a party to whom protected information has been produced shall be responsible for taking appropriate precautions to preserve the confidentiality of the protected information. The

duplication of protected information shall be limited to what is reasonably necessary for the conduct of this litigation.

### 7. Filing of Documents Containing Protected Information with the Court.

Documents containing protected information may be filed with the Court to the extent reasonably necessary to support motions or other matters relating to the litigation.

### 8. Non-Termination.

The provisions of this stipulated order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, including all appeals, protected documents and all copies of same (other than exhibits of record) shall be returned to USCBP or its counsel or, at the option of USCBP, destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for USCBP not more than 150 days after final termination of this litigation.

### 9. Declassification.

In the event that a reviewing party wishes to disclose protected material to any person to whom disclosure is not authorized by this protective order, such reviewing party may apply to this Court for modification of this order. During the pendency of any such application, this protective order shall remain in full effect. The party who produced the information as protected shall have the burden to prove that there is good cause for the information to have such protection. Failure of a party promptly to challenge any designation of confidentiality shall not constitute acquiescence in such designation nor preclude the filing of an application under this paragraph at any time prior to trial. Nothing herein shall impose any restriction on the use or disclosure by a party of information obtained by such party independently of discovery proceedings herein.

**10.     Modification Permitted.**

Nothing in this order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

**IT IS SO ORDERED.**

                                                        s/George Caram Steeh  
                                                        GEORGE CARAM STEEH  
                                                        United States District Judge

Date Issued: May 9, 2012

SO STIPULATED AND AGREED TO BY:

| WIENNER & GOULD, P.C. | BARBARA L. McQUADE |
|---|---|
| | United States Attorney |
| *w/ consent of S. Thomas Wienner* | *Derri T. Thomas* |
| S. THOMAS WIENNER | DERRI T. THOMAS |
| Attorneys for Plaintiff | Assistant U.S. Attorney |
| 950 W. University Dr., Ste. 350 | Attorneys for USCBP |
| Rochester, MI 48307 | 211 West Fort Street, Suite 2001 |
| Phone: (248) 841-9400 | Detroit, MI  48226-3211 |
| E-mail: twienner@wiennergould.com | Phone: (313) 226-9786 |
| (P29233) | E-mail: derri.thomas@usdoj.gov |
| | (P53439) |
| Dated:  May 8, 2012 | Dated:  May 8, 2012 |